UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISSA YANKE,

        Plaintiff,

  v.

ANDREW M. SAUL,

        Defendant.

Case No. 20-cv-1055-pp

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. According to the information provided by the plaintiff, she is employed, she is not married, and she has a 12-year-old son she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff reports income of $658.66 per month from her employment at Little Caesars and $69 per month from food stamps. Id. at 2. The plaintiff indicates that her

1

expenses are $1,050 per month ($200 car payment, $850 other household expenses). Id. at 2-3. The plaintiff owns a 2010 Toyota Yaris worth approximately $2,000, she does not own her home or any other property of value, and she has approximately $10 cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states that she lives with her boyfriend, id. at 2, and given that that her expenses outpace her income by over $300 per month, the court assumes that her boyfriend helps support her. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits by the Commissioner of Social Security for alleged lack of disability, that she is disabled, and that the Administrative Law Judge committed a number of errors when deciding to deny benefits. Dkt. No. 1 at 1-6. The alleged errors include: (1) the ALJ failed to inform the vocational witness of moderate limitations in

concentration, persistence, and pace, and moderate limitations in adapting or managing; (2) the ALJ applied the wrong standards in the evaluation of the plaintiff's statements regarding the limiting effects of her symptoms; (3) the ALJ's finding that the plaintiff's statements were "not entirely reliable" did not indicate which statements the ALJ properly gave weight and which he didn't; (4) the ALJ rejected every medical opinion regarding the plaintiff's limitations from treating and examining sources and gave no weight to the opinions of state agency medical doctors; (5) the ALJ played doctor by relying on his lay interpretation of objective medical findings and opinions; (6) the ALJ's cataloging of the record failed to provide a bridge from his recitation of the evidence to his conclusions; (7) the ALJ's recitation of the record didn't explain why the hypothetical questions and subsequent RFC finding were not made arbitrarily, and why they applied to the plaintiff; (8) the ALJ limited the plaintiff to only occasional overhead reaching; (9) the ALJ failed to establish that the plaintiff has the capacity for sustained, regular, and continuing work, in an ordinary work setting during the relevant period; (10) the ALJ's errors resulted in understatement of the plaintiff's medically supported limitations, his decision is not supported by substantial evidence, contains harmful errors of law and fact, and the ALJ abused his discretion; and (11) the ALJ did not properly evaluate the listings and failed to meet the Commissioner's burden of proof at step five of the sequential evaluation process. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of

3

the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**