UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISSA Y.,

    **Plaintiff,**

v.                                              Case No. 20-CV-1055

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff Melissa Y., through her counsel, Attorney David F. Traver, requests the Court approve an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,413.95 to be paid to Attorney Traver by the Social Security Administration ("SSA"). (Docket # 30.) For the reasons explained below, the motion is granted.

## BACKGROUND

On September 28, 2021, I reversed the Social Security Commissioner's decision denying Plaintiff's application for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 24.) I granted Plaintiff's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on December 17, 2021, and awarded Attorney Traver $10,100.00 in fees. (Docket # 28.) On remand, Plaintiff received a favorable decision finding her disabled and awarding past due benefits. (Docket # 30 at 1.) Plaintiff was represented by Attorney Dave Hudec at the administrative level. Attorney Hudec petitioned the SSA, and was granted, attorney's fees for

his work performed pursuant to 42 U.S.C. § 406(a). (Docket # 30 at 3.) The SSA issued a Notice dated April 20, 2025, stating that it was withholding $13,413.95, which represents the balance of twenty-five percent of Plaintiff's past due benefits (Docket # 30-1), or the amount remaining after Attorney Hudec's fees were paid. Attorney Traver, who represented Plaintiff before the district court, now seeks an award of attorney's fees pursuant to § 406(b). Attorney Traver seeks the full amount of remaining funds being withheld, and states that he will refund Plaintiff the EAJA fees in the amount of $10,100.00 previously paid. (*Id.* at 4.) *See O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)) (finding that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—"but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee").

Thus, Attorney Traver will ultimately collect a § 406(b) fee in the amount of $3,313.95. ($13,413.95 - $10,100.00 = $3,313.95) The Commissioner takes no position on Plaintiff's motion. (Docket # 32.)

## ANALYSIS

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant

must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

Attorney Traver meets the "one boundary line" provided by Congress— Plaintiff agreed to pay Attorney Traver twenty-five percent of her past-due benefits award. (Docket # 30-3.) Despite this agreement, Attorney Traver does not seek a full twenty-five percent of Plaintiff's past-due benefits. As the SSA's Notice states, the $13,413.95 it currently withholds is the "balance" of twenty-five percent of Plaintiff's past-due benefits. In other words, $13,413.95 represents the past-due benefit "pool" remaining after Attorney Hudec received his fees pursuant to § 406(a). *See Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019). Thus, Attorney Traver is necessarily requesting less than twenty-five percent of Plaintiff's past-due benefits.

However, within the twenty-five percent boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 48.70 hours of legal work spent in this case. (Docket # 30-2.) Attorney Traver further argues that given the risk he assumed, the success he achieved, and the effort spent, the amount requested is reasonable. (Docket # 30 at 3.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Plaintiff, who was awarded disability insurance benefits as well as back benefits. I further find the fee does not constitute a windfall to the attorney. The amount

3

sought by counsel under § 406(b) is within the twenty-five percent permitted by law and provided for in the fee agreement. The fee of $13,413.95 for 48.70 hours of work equates to an hourly fee of approximately $275.44/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Troy S. v. King*, No. 21-CV-365, 2025 WL 303944 (E.D. Wis. Jan. 27, 2025) (approving an hourly rate of $550.00 per hour for 22.4 hours of work); *Garay v. Kijakazi*, No. 21-CV-65, 2023 WL 4532827 (E.D. Wis. July 13, 2023) (approving hourly rate of $538.73 per hour for 46.5 hours of work); *Rios v. Kijakazi*, No. 19-CV-912, 2023 WL 4365429 (E.D. Wis. July 6, 2023) (approving hourly rate of $281.46 per hour for 56.7 hours worked).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 29) is hereby **GRANTED**. Attorney David Traver is awarded fees in the amount of $13,413.95.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Traver is directed to refund $10,100.00, representing fees that were previously awarded under the EAJA, directly to Plaintiff.

Dated at Milwaukee, Wisconsin this 20th day of May, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge